NATHANIEL WHITE *vs.* SAMUEL B. SAWYER & another.

Two owners of a vessel are jointly liable in an action of deceit for fraudulent representations made by one of them, acting for both, in a sale of the vessel; and the damages are not limited to the profit derived by them, or either of them, from the fraud.

ACTION OF TORT against Samuel B. Sawyer and Christopher B. Sawyer for deceit. The defendants filed separate answers. Trial in the superior court of Suffolk at May term 1859, before *Morton*, J., who allowed a bill of exceptions, the material part of which was as follows:

" The two defendants were 'sole owners, each one half,' of the schooner Atlantic, and so conveyed her to the plaintiff. The representations were made by Christopher, and the bill of sale was subsequently executed by them both; but none of the representations were embodied or referred to in the bill of sale; and

there was no evidence that Samuel knew of the representations before executing the bill of sale.

" The defendants' counsel requested the judge to rule and instruct the jury as follows:

" 1st. The two defendants owning and conveying separate and distinct shares in the vessel, the action could not be maintained against them jointly, unless they previously conspired, or else jointly participated in the fraud; and the fraud of one person cannot be ratified or adopted by another so as to make the two liable to a joint action.

" 2d. This action was against two defendants jointly, and was based on an executed contract, and damage thereby; and unless a joint liability was proved, the action could not be maintained against either defendant.

" 3d. Evidence that Christopher acted as agent for the other defendant would not support this action against the two defendants jointly, no agency being alleged in the declaration.

" 4th. Samuel could only be liable for the fraud of his agent, committed without his (the principal's) knowledge to the extent of the damage arising from the sale of his (the principal's) own property; and in such case could not be held as joint defendant in a suit for damages arising from a sale of his agent's property, together with his (the principal's) own individual property.

" The judge declined so to rule; but did instruct the jury, among other things, that they might find a verdict against both defendants, or against Christopher alone; that if, before the representations were made, Samuel had authorized Christopher, as his agent, to make a sale of the vessel, the former would be liable in this action for such damages as the plaintiff had sustained, although ignorant of the representations."

The jury returned a verdict against both defendants, and they alleged exceptions.

*G. H. Kingsbury,* for the defendants. The defendants were not partners, but owned and conveyed the vessel " each one half; " and there was no allegation or evidence of conspiracy between them. The fraud charged against them consists solely in verbal representations, collateral to the contract, made by

Christopher alone, without the knowledge of Samuel. Samuel, therefore, is liable, if at all, only on the principle of *respondeat superior;* the ·plaintiff claiming that Christopher was also the agent of ˙Samuel in effecting the sale of the vessel. But the extent of the agency could be only the sale of the principal's property, which was one half of the vessel; and Samuel would be liable only in the proportion of his interest in the vessel to the plaintiff's whole damage, and could not be jointly liable with the owner of the other half for the entire damage. *Buddington* v. *Shearer,* 20 Pick. 477. *Adams* v. *Hall,* 2 Verm. 9. *Van Steenburgh* v. *Tobias,* 17 Wend. 562. *Partenheimer* v. *Van Order,* 20 Barb. 479. *Russell* v. *Tomlinson,* 2 Conn. 206. The gist of this action is either the false representations, or the damage resulting from the contract. If the latter, the action could not be maintained against either of the defendants, because the contract was not joint, and the contract of neither of them would conform to the declaration. 1 Saund. 291, note. *Weall* v. *King,* 12 East, 452. *Wright* v. *Geer,* 6 Verm. 151. If the gist of the action is the false representations, it could not be maintained against the defendants jointly, because the representations were not made by both, nor with the knowledge of both, and they had no joint interest in the subject of the fraud, or in the fruits of it. *Patten* v. *Gurney,* 17 Mass. 182. *Baker* v. *Jewell,* 6 Mass. 460. *Berkshire Mutual Fire Ins. Co.* v. *Sturgis,* 13 Gray, 179. *Cornfoot* v. *Fowke,* 6 M. & W. 358. The action cannot be maintained against the principal and agent jointly for the tort of the agent alone. *Parsons* v. *Winchell,* 5 Cush. 592. *Campbell* v. *Phelps,* 1 Pick. 62. *Page* v. *Parker,* 40 N. H. 47.

*H. F. Durant & A. French,* for the plaintiff, cited Story on Agency, §§ 139, 452; Paley on Agency, (3d ed.) 308; 1 Parsons on Con. 62; Parsons on Merc. Law, 152; Long on Sales, (Rand's ed.) 403; *Hern* v. *Nichols,* 1 Salk. 289; *Fitzherbert* v. *Mather,* 1 T. R. 12; *Taylor* v. *Green,* 8 Car. & P. 316; *Fuller* v. *Wilson,* 3 Ad. & El. N. R. 58, 68, 1009; *Doggett* v. *Emerson,* 3 Story R. 735, 736; *Olmstead* v. *Hotailing,* 1 Hill N. Y. 317; *Locke* v. *Stearns,* 1 Met. 560; *Cook* v. *Castner,* 9 Cush. 276;

*Salem India Rubber Co.* v. *Adams*, 23 Pick. 265; *Patten* v. *Gurney*, 17 Mass. 184; *Stiles* v. *White*, 11 Met. 356.

HOAR, J. No question is made by the defendant's counsel of the correctness of the doctrine that a principal is liable for the false representations of his agent, although personally innocent of the fraud. It is settled by the clear weight of authority.

But it is contended that the principal and agent cannot be jointly held to answer for a fraud committed by the agent in the course of his agency, in which the principal does not participate; and that this is decisive against the present action. A question somewhat analogous is discussed in *Parson* v. *Winchell*, 5 Cush. 592, where the cases are reviewed and examined.

But we cannot think the principles there laid down are applicable to a case like this. Here the person who made the fraudulent representations was acting, not only as an agent, but also as a principal. In *Cook* v. *Castner*, 9 Cush. 266, which was the case of a sale of a vessel by two part owners, and representations made by one of them as to what the other had told him about repairs made upon the vessel, the action was for a deceit in the sale, and the court say, " He was either so informed by his partner, or he was not. If he was so informed, then the representation was made by Jordan, and bound his partner. If he had not been so informed, then he made a false representation himself, and that bound Jordan." " They were joint owners, engaged at the time in the joint undertaking respecting which the representations were made, and they were equally responsible for each other's statements in regard to it."

That case seems very much like the present; for there, though the two owners are spoken of as partners, they were partners only, as the facts show, by being co-owners of a vessel, which they joined in selling to another party. So in the present case, the parties were " sole owners, each of one half "; but the halves were undivided, and they joined in the sale of them, thus making a sale of the whole.

The action is for the tort, the wrongful act done by the deceit practised in the sale. The damages are not limited to the profit which the vendors or either of them derived from the

fraud. If one defendant sold only his half, and by himself or his agent committed a fraud in so doing, he would be answerable for the whole injury which the fraud occasioned, although it might exceed the value of the whole vessel. We have, then, the case of two principals sued for false representations made in the sale of property, one acting for himself, and the other acting by an agent. If the agent employed by one had been a third person, there seems to be no doubt that the two principals could be jointly sued. What difference can it make that one of the principals acted as agent of the other? He is joined in the suit, not as agent, but as another principal.

But, farther than this, we think the two owners must be considered as partners in the sale and the fraudulent representations accompanying it; and, upon this ground, are jointly liable. The distinction attempted to be made between that which is done for one part of the chattel and that which is done for the other is rather metaphysical than practical. If two separate owners, each of an undivided half of a carriage, employed the same servant to drive the two halves along a highway, would they not be jointly responsible for his negligence in driving? Yet there it might be said that each employed the man only to drive his separate half. The difficulty is that the careless driving in the one case, and the making a false representation in the other, is an indivisible act. If there is no joint interest in the fruits of the fraud, that is no objection in the case of a conspiracy, where the parties join in the tort, but each for his several advantage. The defendants joined in the act; the one in his own person, for his own profit; and the other, through his agent, representing and binding him by his conduct and statements. In reference to the particular transaction, namely, the joining in doing one thing for their mutual benefit, there would seem to be all the elements of a partnership.

*Exceptions overruled.*